**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT**

**CIVIL ACTION NO. 3:17-cv-102 (WOB)**

**RIVER CITY FRATERNAL ORDER OF POLICE**                          **PLAINTIFFS**
**LODGE 614, INC., ET AL.**

**VS.**                        <u>**MEMORANDUM OPINION AND ORDER**</u>

**KENTUCKY RETIREMENT SYSTEMS**                                    **DEFENDANT**

On July 17, 2019, this Court granted Plaintiffs' request for a permanent injunction after finding that Defendant wrongly canceled or threatened to cancel Plaintiffs' health insurance and had thereby breached an inviolable contract to provide Plaintiffs with insurance. (Docs. 30, 43, 44). Plaintiffs' motion for summary judgment awarding damages is now before the Court. (Doc. 56). For the reasons below, Plaintiffs' request for damages is **GRANTED IN PART** and due to be modified in accordance with the directives found herein.

                         I.     <u>**Arguments and Analysis**</u>

The measure of damages for breach of contract is that sum which will put the injured party into the same position he would have been in had the contract been performed. *Hogan v. Long*, 922 S.W.2d 368, 371 (Ky. 1995). Accordingly, Plaintiffs seek damages for the premiums they had to pay in order to obtain substitute healthcare coverage as well as lost wages because some Plaintiffs

were "forced to leave employment or take part-time status in order for Defendant to continue providing health coverage." (Doc. 56, at 5).

Defendant first attempts to relitigate issues that the Court addressed in earlier opinions by arguing that the Court cannot award monetary damages due to principles of sovereign immunity and federal law. (Doc. 64, at 2-10). The Court declines to readdress these issues here and instead incorporates its earlier findings that neither sovereign immunity nor federal law prevent Plaintiff from recovering monetary relief. (*See* Docs. 30, 43).

Defendant also argues that the damages for lost wages are speculative and maintains that Plaintiffs could have either remained employed in their current positions or could have attempted to find comparable employment or comparable health insurance more quickly, which in Defendant's view, means that Plaintiffs failed to mitigate their damages. (Doc. 64, at 10-19).

A. **Plaintiff John Arnold's Damages**

John Arnold claims damages for both payment of premiums and loss of pay. When Arnold retired from the Jefferson County Police Department, he began relying upon health insurance coverage provided through the Kentucky Retirement Systems. In 2002, Arnold took a job with the Jefferson County Coroner's Office as a deputy coroner. Problems began in 2016, when Defendant sent Arnold a

letter stating that if he continued his employment with the Coroner's Office, he would lose his health insurance.

Defendant in fact canceled Arnold's health insurance coverage for a brief period, which forced him to purchase insurance through the Coroner's Office while he appealed the cancelation. Arnold eventually won his appeal, and his coverage was reinstated. But Defendant's actions did not stop there. Defendant threatened to terminate Arnold's health insurance for a second time in March 2017, but it appears he left the Coroner's Office before Defendant terminated coverage.

In November 2017, Arnold went to work as a full-time employee in the Jefferson County Sheriff's Office. While Defendant initially maintained his coverage, it took only a few weeks for Defendant to send Arnold a letter stating that it again planned to terminate his coverage. In response to this threat, Arnold left his position with the Sheriff's Office out of fear of potential unknown consequences caused by changing insurance. Arnold claims that he incurred $80,721.57 in lost wages because Defendant forced him to leave his job with the Sheriff's office. The question now is whether he is entitled to recover those lost wages.

Under Kentucky law, the measure of damages for breach of contract is that sum which will put the injured party into the same position he would have been in had the contract been performed. *Hogan*, 922 S.W.2d at 371. Though Defendant did not

actually cancel Arnold's insurance in January 2018, it unequivocally expressed its intent to repudiate the contract, which under Kentucky law amounts to a breach. *Brownsboro Rd. Rest., Inc. v. Jerrico, Inc.*, 674 S.W.2d 40, 42 (Ky. Ct. App. 1984). Arnold is therefore entitled to all non-speculative damages flowing from the repudiation. *Curry v. Bennett*, 301 S.W.3d 502, 506 (Ky. App. 2009).

Defendant argues that Arnold's damages are speculative because he only worked at the Sheriff's office for one month before leaving. While the duration of Arnold's employment was brief, evidence shows that he left the position only because Defendant threatened to cancel his insurance, and it also shows with reasonable certainty the amount that he would have made had he remained employed. So, the problem with Arnold's request for lost wages is not that it is unreasonably speculative but that it reflects a failure to mitigate his losses.

A party claiming damages for breach of contract is obligated to use reasonable efforts to mitigate his damages. *Deskins v. Estep*, 314 S.W.3d 300, 305 (Ky. App. 2010). While there is evidence showing that Arnold sought comparable employment after he left his position with the Jefferson County Sheriff's Office, the decision to leave that position rather than purchase insurance through the Sheriff's Office was unreasonable.

*River City Fraternal Order of Police Lodge 614, Inc. et al.
v. Ky. Retirement Sys.*
-4-

Damages are not recoverable for a loss that the injured party could have avoided without undue risk, burden, or humiliation. Restatement (Second) of Contracts § 350. Arnold insists that the Sheriff's health insurance was inferior to Defendant's and that he had to quit to avoid losing his good insurance. But Arnold admitted that he did not actually compare the two plans and did not speak with the Sheriff's human resources department about the cost of obtaining coverage if Defendant terminated his health insurance. While there are difficulties associated with changing insurance, they are not significant enough to constitute undue risks or burdens. Other Plaintiffs in this matter chose to pay to obtain coverage, whereas Arnold chose to quit his job.

When a plaintiff fails to mitigate damages, courts may reduce the award by the amount which could have been saved by appropriate action to minimize the loss. *See Sidney Coal Co. v. Thrift Bit Serv., Inc.*, No. 2005-CA-000628-MR, 2006 WL 2578305, at *2 (Ky. Ct. App. Sept. 8, 2006). Here, Arnold could have remained employed and paid the premiums to acquire insurance from the Sheriff's office. Accordingly, a better measure of his damages would have been the amount he would have paid in premiums had he remained employed and purchased insurance through the Coroner's Office. But there is no evidence in the record showing what it would have cost Arnold to obtain replacement insurance, so the Court will allow him to submit evidence that shows how much it would have cost him

to obtain replacement coverage from January 1, 2017, through July 17, 2019.

Arnold also paid $3,090.48 to cover premiums he paid while he appealed Defendant's first termination of his health insurance, and he should therefore be awarded compensatory damages in that amount.

## B. **Plaintiff Gary Simkins's Damages**

After retiring from the Louisville Police Department, Simkins decided to return to full-time employment and was hired as a deputy by the Jefferson County Sheriff's Office. At the time the Sheriff's office hired him, Defendant was providing him free health insurance. But soon after he was hired, Defendant informed him that it planned to terminate his insurance because his employer also offered him health insurance coverage.

Defendant was mistaken. The Sheriff's Office had employed Simkins under a one-year renewable contract. This one-year contract was provided for by a Kentucky statutory scheme which states that persons employed under its terms are to continue to receive the benefits to which they are entitled and that they are not eligible for health insurance coverage through the new employer. Ky. Rev. Stat. § 70.293. Simkins dropped down to part-time status at the end of 2015 in order to maintain his coverage under Defendant's health insurance policy. He now claims that Defendant owes him $83,168.98 in lost wages.

Like Arnold, Simkins also failed to mitigate his damages. Instead of purchasing private insurance or looking for full-time employment that would provide comparable earnings and allow him to purchase insurance through his employer, Simkins dropped down to part-time work and took a roughly $23,000 per-year pay cut. Accordingly, the more appropriate measure of damages would be the cost of acquiring comparable health insurance from December 3, 2015 (date he dropped to half-time employment) to July 17, 2019 (the date the Court issued the permanent injunction). Since the record contains no evidence of what it would have cost Simkins to purchase comparable health insurance on the open market, the Court will allow him to submit such evidence.

C. **Plaintiff James Wood's Damages**

Wood has paid $4033.61 in premiums from the time Defendant canceled his health insurance to the time this Court issued an injunction directing Defendant to reinstate coverage. Defendant does not address Wood's damages beyond the general arguments it makes concerning sovereign immunity and federal law.

Wood states that he has continued to purchase insurance even after the Court issued the injunction because he was afraid of switching back to Defendant's health coverage, and he asks that he be compensated for the premiums he continues to pay. Continuing to pay premiums after the Court's injunction constitutes a failure to

mitigate damages. Thus, Wood should only be compensated for the $4033.61 he paid before the Court issued a permanent injunction.

D. **Plaintiff James Larkin's Damages**

Larkin claims damages for the payment of insurance premiums that he paid after Defendant canceled his insurance. Defendant does not address Larkin's damages beyond the general arguments it makes concerning sovereign immunity and federal law. Accordingly, Larkin should be awarded $6,181.92 to reimburse him for the premiums he paid after Defendant canceled his health insurance.

E. **Plaintiff William Kerrick's Damages**

Plaintiff William Kerrick has not submitted a request for compensatory damages.

## II. Conclusions

Therefore, having reviewed this matter, **IT IS ORDERED** that Plaintiffs' request for damages (Doc. 56) is **GRANTED IN PART** and such damages may be adjusted in accordance with the directives below:

A. Plaintiff Arnold is awarded $3,090.48 to reimburse him for health insurance premiums he should not have had to pay. Plaintiff Arnold is **DIRECTED** to submit proof of what it would have cost him to obtain substitute health insurance had he mitigated his damages and purchased health insurance through the Jefferson County Sheriff's Office from January 1, 2017, through July 17, 2019.

B. Plaintiff Simkin is **DIRECTED** to submit proof of what it would have cost him to obtain comparable health insurance on the open market from December 3, 2015, to July 17, 2019.

C. Plaintiff Larkin is awarded $6,181.92 to reimburse him for health insurance premiums he paid after Defendant canceled his health insurance.

D. Plaintiff Wood is awarded $4,033.61 to reimburse him for health insurance premiums he paid after Defendant canceled his health insurance.

The requested proof should be filed within **THIRTY DAYS** of the date of this order. After Plaintiffs submit the requested proof, Defendant will have **TWENTY DAYS** from the date of Plaintiffs' filing to respond with objections and Plaintiffs will then have **TEN** days from the filing of any objections to file a reply.

The Court will enter a judgment following the submission of the additional proof and briefing.

So ordered, this 18th day of February 2020.



**Signed By:**
*William O. Bertelsman* WOB
**United States District Judge**