```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF KENTUCKY
                   CENTRAL DIVISION AT FRANKFURT
```

**CIVIL ACTION NO. 3:17-cv-102 (WOB)**

**RIVER CITY FRATERNAL ORDER OF POLICE, ET AL.**          **PLAINTIFFS**

**VS.**               <u>**MEMORANDUM OPINION AND ORDER**</u>

**KENTUCKY RETIREMENT SYSTEMS,**                              **DEFENDANT**

     This case is before the Court on Plaintiffs' motion for damages. This court previously awarded monetary damages to three Plaintiffs and requested that Plaintiffs Arnold and Simkins submit proof regarding what it would have cost to obtain health insurance comparable to the insurance that Kentucky Retirement Systems had promised to provide. (Doc. 66). The Court requested this information because it thought that Plaintiffs Arnold and Simkins could have mitigated their damages by purchasing comparable insurance rather than leaving their job or reducing their work hours.

     That proved to be true in the case of Plaintiff Arnold. He could have mitigated his damages by purchasing insurance through the Jefferson County Sheriff's Department rather than quitting his job. (Doc. 71, at 13). Accordingly, the Court awards Plaintiff

Arnold $6,504.00, which represents what it would have cost him to purchase insurance through the Jefferson County Sheriff.

Plaintiff Simkins on the other hand faced a more uncertain situation. Since he did not have the option of purchasing alternate coverage through his employer due to the contract he worked under, he was left with two options, either reduce his hours to part time and retain health insurance coverage through Defendant or remain a full-time employee and purchase insurance on the open market. While the Court suspected that purchasing alternate coverage on the open market would have been cheaper than reducing his hours, that assumption proved false. According to Plaintiffs' evidence, purchasing comparable coverage on the open market would have cost $103,004.86, which is about $20,000.00 more than his claim for lost wages. (Doc. 67, at 5).

Given that the cost of comparable insurance exceeds what Plaintiff Simkins lost in wages by reducing his hours to part time, purchasing alternative coverage was not in actuality an effective way to mitigate his damages. Simkins's decision to reduce his hours to part-time, though costly, was the best option in light of Defendant's threats to cancel his insurance coverage. Accordingly, the Court awards Plaintiff Simkins $83,168.98 in lost wages. (Doc.

Defendant raises numerous objections to Plaintiffs' damages request, their calculations regarding the cost of substitute insurance, and Defendant's ability to pay a damages award. The

Court finds that those objections lack merit. Plaintiffs have been clear from the beginning that they were seeking damages related to Defendant's breach of contract to provide health insurance and the Court has found that Plaintiffs can recover monetary damages from Defendant. Defendant could foresee that these damages might include the cost Plaintiffs incurred to provide health insurance coverage for themselves and their family.

The Court requested that Plaintiffs submit evidence concerning the cost of insurance and they provided an affidavit of a health insurance underwriter. (Doc. 67-1). Thus, Defendant could foresee that Plaintiffs would obtain information from a source like an underwriter to prove damages. But rather than address the costs or provide cost information of its own to rebut Plaintiffs figures, Defendant argues that underwriter's opinion is "rank hearsay," which is not the case given that the underwriter is using materials typically relied upon by those in her field to support her estimates. *MACTEC, Inc. v. Bechtel Jacobs Co., LLC,* 346 F. App'x 59, 78 (6th Cir. 2009). Moreover, the Court is only relying on the underwriter's report to to establish Plaintiff Arnold's damages and to make the decision that, in the case of Plaintiff Simkins, lost wages is the most appropriate measure of damages.

Therefore, it is **ORDERED** that Plaintiff Arnold be awarded an additional **$6,504.00,** and that Plaintiff Simkins be awarded **$83,168.98.**

This 3rd day of June, 2020.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge